IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA GRUBBS, | )<br>) |
| Plaintiff, | )<br>) Civil Action No. 17-555<br>) Chief Magistrate Judge Maureen P. Kelly |
| v. | )<br>) Re: ECF Nos. 10 and 12 |
| RUSSELL P. MILLER, JR., ALLEN CLARKE, and SOUTH CONNELLSVILLE BOROUGH, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**[1]

Plaintiff Patricia Grubbs ("Plaintiff") initiated this action against Defendants Russell P. Miller, Jr., Allen Clarke, and the South Connellsville Borough (collectively, "Defendants"), alleging various violations of her constitutional rights as well as a state-law claim for intentional infliction of emotional distress ("IIED"). ECF No. 1.

Defendants move to dismiss Plaintiff's Complaint for failure to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 10, 12. For the reasons that follow and as more fully set forth herein, the Motions to Dismiss will be denied in part and granted in part, without prejudice and with leave to amend.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 16, 17 and 22.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In the Complaint, Plaintiff alleges the following facts which, in the context of a motion to dismiss, must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). This action is the result of apparent personal animus between Defendants Russell P. Miller, Jr. ("Miller"), Allen Clarke ("Clarke"), and Plaintiff's family, who are well known in South Connellsville Borough (the "Borough") for their active involvement with the Borough's Volunteer Fire Department. According to Plaintiff, Miller developed a personal vendetta against the Borough's Volunteer Fire Department and its supporters, which he carried out through the abuse of his authority as the Borough Chief of Police by fabricating evidence and filing unwarranted charges. ECF No. 1 at 3, 8. In pursuit of this vendetta, Miller failed to enforce a Protection for Abuse Order ("PFA") obtained by Plaintiff's daughter against Clarke, her ex-boyfriend, and failed to act on Plaintiff's repeated reports of Clarke's violations of the PFA. Plaintiff alleges Clarke and Miller "began meeting and conspiring to formulate a plan to violate Plaintiff's civil liberties.... Miller wanted to continue his crusade in harassing individuals affiliated with the South Connellsville Volunteer Fire Department and the Grubbs family. Clarke wanted to seek revenge against the family of Miss Pazicni for filing a PFA against him." Id. at 5.

According to Plaintiff, "Miller, at Clarke's urging" filed three criminal charges against her, one for "Terroristic Threats with the Intent to Terrorize Another," one for disorderly conduct, and one for harassment. Id. at 6. The Affidavit of Probable Cause alleges that Plaintiff drove past Clarke's residence yelling a verbal threat and "causing alarm to the residents," and on another occasion, threatened to "blow [Clarke's] head off with a gun." Id. Plaintiff states that the events alleged in the criminal complaint were completely fabricated by both Miller and Clarke.

2

As a result of the criminal charges, Plaintiff was subject to an unsecured bond in the amount of $5,000, to assure her attendance at scheduled judicial proceedings. Approximately six months later, the Fayette County District Attorney filed a motion for nolle prosequi. In the intervening months, Miller was charged by the District Attorney with official oppression relative to charges filed against another borough resident who is also affiliated with the Volunteer Fire Department. Following his arrest, the Borough placed Miller on restricted duty. ECF No. 1, ¶ 31-33.

Plaintiff alleges that Miller's conduct of fabricating evidence and maliciously prosecuting individuals occurred with sufficient frequency to constitute a pattern of conduct throughout his term as Police Chief. In this regard, Plaintiff points to the filing of charges against four other individuals, each of whom has also filed suit against Miller and the Borough. As to the Borough's alleged responsibility for Miller's conduct, Plaintiff broadly contends that the Borough Council and its President support Miller "as evidenced by statements made to the media" by the Borough Council President after Miller's criminal citation, wherein she stated that "the Borough has a 'very good police department' and that she looks forward to Miller being 'vindicated and back at work.'" Id. at 9. Plaintiff alleges that Clarke has been granted "certain privileges" by Miller and the Council President, and continues to harass and threaten both her and her daughter with impunity.

Plaintiff filed this suit on April 4, 2017, alleging claims for malicious prosecution and fabrication of evidence against Miller and Clarke (Counts I and II), municipal liability, failure to train, failure to supervise and failure to investigate against the Borough (Counts III, IV, V, and VI), civil conspiracy and IIED against Miller and Clarke (Counts VII and VIII). ECF No. 1. The

pending Motions to Dismiss have been fully brief by the parties, and are ripe for disposition. ECF Nos. 10, 11, 12, 13, 19, 21.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

## III.   DISCUSSION

### A. Count I – Malicious Prosecution

In Count I, Plaintiff sets forth a Fourth Amendment claim for malicious prosecution against Miller and Clarke pursuant to 42 U.S.C. § 1983. Miller seeks dismissal of the claim, contending that Plaintiff has failed to plead that she suffered a deprivation of liberty, which Miller argues is required to establish a § 1983 malicious prosecution claim. Clarke seeks dismissal on similar grounds, but also contends that he cannot be held liable to Plaintiff because he is neither a state actor, as required for a § 1983 claim, nor did he initiate a criminal proceeding against her.

As a preliminary matter, Plaintiff has brought her claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id.

To prevail on a Fourth Amendment claim of malicious prosecution under § 1983, a plaintiff must establish that: (1) defendant initiated a criminal proceeding; (2) the proceeding was initiated without probable cause; (3) the criminal proceeding ended in plaintiff's favor; (4) defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5)

5

plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. See Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (emphasis added). Miller contends that dismissal is warranted because Plaintiff fails to plead that she suffered a deprivation of liberty, and instead alleges only that she was required to post unsecured bail to ensure her attendance at court dates. ECF No. 11 at 5.

Miller's motion, primarily resting upon nonbinding case law from outside this jurisdiction, is readily disposed of in favor of Plaintiff. In Black v. Montgomery County, 835 F.3d 358, 365-67 (3d Cir. 2016), the United States Court of Appeals for the Third Circuit reiterated its previous conclusion that "[p]re-trial restrictions of liberty aimed at securing a suspect's court attendance are all 'seizures' ... [because] the difference between detention in jail, release on bond, and release subject to compliance with other conditions is in the degree of restriction on the individual's liberty, not in the kind of restriction." Id., quoting Schneyder v. Smith, 653 F.3d 313, 320 (3d Cir. 2011) (emphasis in original). In contrast, a plaintiff is not seized when he or she is only issued a summons, never arrested, never posts bail and is free to travel. DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005).

Plaintiff alleges she was charged with serious crimes, and was subject to a significant bond to guarantee her presence at future court hearings; therefore her ability to travel at will was limited. In addition, as reflected in the docket appended to her Complaint, Plaintiff was required to appear to be fingerprinted in conjunction with her charges. ECF No. 1-1 at 7. Under these circumstances, Plaintiff has set forth a plausible Fourth Amendment malicious prosecution claim as to Miller and the Motion to Dismiss is denied.

Clarke's Motion to Dismiss Plaintiff's malicious prosecution claim is also denied. Clarke first argues that Plaintiff fails to sufficiently allege that criminal charges were initiated at his

6

behest. ECF No. 13 at 6-7. This contention is at odds with the Complaint, wherein Plaintiff alleges that "Miller, at Clarke's *urging*, filed three criminal charges against Mrs. Grubbs, all of which were based on fabricated evidence." ECF No. 6 ¶ 25 (italics added). Clarke finds fault with the Plaintiff's use of the word "urging" as akin to "coaxing" or "cheerleading" and not the required "initiating" needed to satisfy the first element of a malicious prosecution claim. Despite Clarke's protests to the contrary, the import of "urging" is clear in the context of the entirety of Plaintiff's Complaint, which sets forth a plausible claim that at Clarke's behest, and predicated upon evidence and statements provided by Clarke, criminal charges were filed against Plaintiff. Id. ¶¶ 25-30.

Clarke next contends that because he is a private party who did not act under color of state law, Section 1983 does not apply to him. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to set forth a Section 1983 claim, a complaint must allege not only the violation of a right secured by the Constitution or laws of the United States, but also that the alleged deprivation was committed by a person acting under color of state law. See Harvey v. Plains Tp. Police Dept, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988). The state action requirement assures "that constitutional standards are invoked 'when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.'" Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal citation omitted).

7

Plaintiff responds that in an appropriate case, a private person may be found to be a state actor by virtue of close cooperation with a state agent. One such circumstance is when the private actor willfully participates in a joint action or conspiracy with the state actor to deprive the plaintiff of her constitutional rights. See Abbott v. Latshaw, 164 F.3d 141, 147–148 (3d Cir. 1998) ("Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts under color of state law for purposes of § 1983.") (internal quotation marks omitted); see also Luck v. Mount Airy No. 1, LLC, 901 F. Supp.2d 547, 562–63 (M.D. Pa. 2012) (denying a motion to dismiss a Section 1983 claim where the plaintiff sufficiently alleged that the state troopers and casino security guards conspired to violate the plaintiff's constitutional rights).

Allegations of a conspiracy sufficient to hold a private party accountable as a state actor for purposes of Section 1983 are set forth when the complaint alleges an agreement, understanding, or "meeting of the minds" to violate the plaintiff's rights. Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970)). The complaint should contain specific allegations to infer an agreement or understanding between the private and state actor defendants. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010). At this preliminary stage of the litigation, Plaintiff's Complaint sufficiently alleges a plausible claim for conspiracy between Miller and Clarke so as to permit her § 1983 claim to proceed as to Clarke. See, ECF No. 1 ¶¶ 23 -30.[2]

Finally, Miller and Clarke contend that because Plaintiff has alleged a fabrication of evidence claim, her malicious prosecution claim is duplicative and should be dismissed. At his

---

[2] For these reasons, Defendants' motions to dismiss Count VII (Civil Conspiracy) are denied.

8

early stage, The Court declines to require Plaintiff to choose between a viable Fourth Amendment malicious prosecution claim and a viable Fourteenth Amendment fabrication of evidence claim, and on this basis the motion is denied.

### B. Count II – Fabrication of Evidence

In Black v. Montgomery County, the United States Court of Appeals for the Third Circuit held "an acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." 835 F.3d at 371. In defining the contours of a fabrication claim, the Court of Appeals stressed that there are "hurdles facing a plaintiff alleging a due process violation for fabrication of evidence." Id. at 372. First, to present a jury question, a plaintiff must provide "persuasive evidence" that the evidence in question was fabricated. Id. Specifically, testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong. Halsey v. Pfeiffer, 750 F.3d 273, 295 (3d Cir. 2014). The plaintiff must also "demonstrate that the fabricated evidence 'was so significant that it could have affected the outcome of the criminal case.'" Black, 835 F.3d at 372 (quoting Halsey, 750 F.3d at 295).

Defendants Miller and Clarke seek dismissal of Plaintiff's fabrication of evidence claim because she fails to plead a deprivation of liberty and otherwise insufficiently alleges that, absent the fabricated evidence, she would not have been criminally charged. The Court disagrees, given Plaintiff's straight forward allegation that her arrest was predicated upon a fabricated story of harassment and intimidation. Similarly, as with Plaintiff's malicious prosecution claim, the imposition of an unsecured bail requirement alleges a deprivation of liberty sufficient to support

9

a plausible claim. While there may be significant hurdles to address at the summary judgment stage of this action, at this point, Plaintiff has alleged facts sufficient to state a claim.

### C. Counts III, IV, V, and VI – Municipal Liability

Because Plaintiff's malicious prosecution and fabrication of evidence claims survive dismissal, we turn next to her municipal liability claims against the Borough for its alleged policy or custom of violating the constitutional rights of supporters and members of the Volunteer Fire Department, and its failure to train, supervise and/or investigate claims against the Borough Police Chief. The Borough argues that Plaintiff has failed to allege facts showing that it directed or participated in a policy or custom to violate the rights of its residents generally, or that any such policy or custom caused her injuries. ECF No. 11 at 10-11. Further, the Borough contends that Plaintiff has failed to allege sufficient facts indicating the Borough was on notice of Miller's unconstitutional conduct so as to give rise to liability for alleged failure to supervise, train or investigate.

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. Monell v. Department of Social Services of City of New York 436 U.S. 658, 691 (1978). A plaintiff seeking to hold a municipality liable under § 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom. Id. at 690–91. Liability is imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one [of] its employees." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981).

Where the policy "'concerns a failure to train or supervise municipal employees, liability under § 1983 requires a showing that the failure amounts to "deliberate indifference" to the

10

rights of persons with whom those employees will come into contact.'" Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014), quoting Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir.1999) and City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "Additionally, 'the identified deficiency in a [] training program must be closely related to the ultimate injury;' or in other words, 'the deficiency in training [must have] actually caused' the constitutional violation." Id. quoting Canton, 489 U.S. at 391.

Therefore, to state a claim under Monell, a plaintiff must establish that the (1) the municipality had a policy or custom that deprived the plaintiff of her constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom. Monell, 436 U.S. at 692-4.

In support of her broad claim of municipality participation or acquiescence, Plaintiff alleges that Miller fabricated evidence and initiated baseless criminal charges against four other Borough residents. However, without reaching the questions of whether four other contemporaneous instances are sufficient to establish a pattern or custom, Plaintiff does not allege the Borough's ratification of these activities, or any other circumstances evidencing knowledge of the incidents, or that the Borough otherwise participated in or directed Miller's pursuit of what she has classified as a personal vendetta. ECF 1 at 14. See e.g., Watson v. Abington Twp., 478 F.3d 144, 154 (3d Cir. 2007); Kocher v. Larksville Borough, 926 F. Supp. 2d 579, 607 (M.D. Pa.), *aff'd*, 548 F. App'x 813 (3d Cir. 2013). Accordingly, Plaintiff has not alleged facts sufficient to set forth a plausible claim for § 1983 municipal liability either directly or as a result of the Borough's alleged failure to train, supervise or investigate, and Defendants motion to dismiss Counts III (Municipal Liability), IV (Failure to Train), V (Failure to

Supervise), and VI (Failure to Investigate) will be granted, without prejudice, and with leave to amend.

### D. Count VII and VIII – Intentional Infliction of Emotional Distress

Plaintiff alleges a claim against Defendants Miller and Clarke for IIED, stating that Defendants' conduct in conspiring to fabricate evidence and cause her to be prosecuted was outrageous and conducted with an intent to inflict serious emotional distress. ECF No. 1 at 20-21. As a result, Plaintiff alleges she suffered severe emotional distress, fright, horror, and shock that manifested in anxiety, emotional trauma, gastrointestinal discomfort, nausea and pain. Id. Defendants Miller and Clarke seek dismissal of Plaintiff's claim, contending that as alleged in Plaintiff's complaint, their conduct was not sufficiently outrageous to support an IIED claim. ECF No. 11 at 16-17; ECF No. 13 at 13-15. Clarke further cites Plaintiff's failure to allege any specific conduct on his part that supports a finding that resulted in harm.

To plead an intentional infliction of emotional distress claim under Pennsylvania law, Plaintiff must allege each Defendant (1) engaged in intentional or reckless conduct; (2) to an extreme and outrageous level; (3) which actually caused the distress; and (4) the distress is severe. Regan v. Township of Lower Merion, 36 F. Supp.2d 245, 251 (E.D. Pa. 1999). "In Pennsylvania, '[l]iability on an intentional infliction of emotional distress claim has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Kasper v. County of Bucks, 514 F. App'x. 210, 217 (3d Cir. 2013) (internal citations and quotations omitted). A plaintiff must plead facts demonstrating outrageous conduct by each defendant. See Kazatsky v. King David Memorial Park, Inc., 527

12

A.2d 988, 991 (Pa. 1987) (holding the tort of intentional infliction of emotional distress requires outrageous conduct on the part of the tortfeasor).

In addition, to maintain his claim for intentional infliction of emotional distress, Plaintiff must allege that she suffered "severe" emotional distress resulting from each Defendant's actions. "[F]right, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea" all indicate "severe" emotional distress. Lane v. Cole, 88 F. Supp.2d 402, 407 (E.D. Pa. 2000) (quoting Kazatsky v. King David Memorial Park, Inc., 527 at 991 (quoting Restatement (Second) of Torts § 46 cmt. d)). In Lane, the party alleged she "continue[d] to suffer 'fear, anxiety, stress, anger, headaches, nightmares, humiliation, embarrassment, emotional distress [and] mental anguish'" which the court found sufficient to raise an inference of severe emotional distress.

Whether false allegations of criminal wrongdoing are sufficient to state a claim of IIED under Pennsylvania's exacting standard requires the development of evidence as to the underlying claims and the resulting injury, if any. See, e.g., Martin v. Finley, 2016 WL 8257720, at *9 (M.D. Pa. Aug. 17, 2016), *report and recommendation adopted in part, overruled in part*, 2017 WL 626752 (M.D. Pa. Feb. 15, 2017) (reviewing cases and determining that resolution is dependent upon fact-specific nature of claim asserted). Accordingly, at the pleading stage, Plaintiff has asserted sufficient well-pleaded facts for this claim to proceed forward, and Defendants' Motion to Dismiss at to Counts VII and VIII is denied. See also Watson v. Witmer, 183 F. Supp. 3d 607, 617 (M.D. Pa. 2016).

### E. Punitive Damages

Defendants Borough and Miller seek dismissal of Plaintiff's demands for punitive damages as to Miller in his official capacity and as to the Borough. ECF No. 11 at 17. Plaintiff

13

acknowledges that she has not asserted any claims against Miller in his official capacity, and appears to concede that punitive damages are not recoverable against the Borough. ECF No. 19 at 19-20. Accordingly, the Motion to Dismiss Plaintiff's demands for punitive damages against Miller, in his official capacity only, and against the Borough, is granted and the claims are dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss filed on behalf of Defendants Miller, Clarke, and South Connellsville Borough are properly granted in part and denied in part. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 16th day of January 2018, it is hereby ORDERED that for the reasons stated in the foregoing Opinion, Defendants' Motions to Dismiss, ECF Nos. 10 and 12, are GRANTED in part and DENIED in part as follows:

(1) The Motions to Dismiss Count I (Malicious Prosecution) and Count II (Fabrication of Evidence) against Defendants Miller and Clarke are DENIED;

(2) The Motion to Dismiss Count III (Municipal Liability under Monell), Count IV (Failure to Train), Count V (Failure to Supervise), and Count VI (Failure to Investigate) against Defendant Borough of South Connellsville is GRANTED and these Counts are DISMISSED WITHOUT PREJUDICE and with leave to amend;

(3) The Motions to Dismiss Count VII for Civil Conspiracy and Count VIII for Intentional Infliction of Emotion Distress against Defendants Miller and Clarke are DENIED;

14

(4) The Motion to Dismiss demands for punitive damages against Defendant Borough of South Connellsville and Defendant Miller in his official capacity only is GRANTED and such claims are DISMISSED WITH PREJUDICE.

Plaintiff is granted thirty (30) days from the date of this Order to file an Amended Complaint or a notice of Plaintiff's decision to not file a Second Amended Complaint. Defendants' responses as to remaining claiming shall be filed within thirty (30) days after such filing.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF